## Case No. 4,034.

### The DOURO.

[Blatchf. Pr. Cas. 362.][1]

District Court, S. D. New York. May, 1863.[2]

PRIZE—EFFICIENCY OF BLOCKADE—SPOLIATION OF PAPERS.

1. The court overruled the defences set up by the claimants, namely, that the blockade of the port of Wilmington, N. C., was not efficient, and that a vessel of war of the United States, not stationed in guard of a blockaded port, had no right to seize a vessel violating such blockade.

2. Vessel and cargo condemned for a violation of the blockade. Spoliation of papers.

BETTS, District Judge. This vessel and cargo were captured March 9, 1863, at sea, off Cape Fear, by the United States gunboat Quaker City, and were sent to this port for adjudication. A claimant of the vessel, and other claimants of the cargo, intervened and filed formal claims, resting upon like positions of fact and law—that the vessel and cargo were the property of British subjects when seized; that she had a legal right to enter into and depart from Wilmington, N. C.; that the port was not under an efficient blockade; that the capture was unlawfully made, on the high seas, distant from any American port; that the capturing vessel was not one of the blockading squadron, and possessed no authority to seize this vessel or cargo; and that neither vessel nor cargo belong to citizens of the United States. The case was submitted without oral argument on either side, and upon only a statement of conclusions on the part of the United States. The questions of law with respect to the existence of the blockade of the place visited by this vessel, and its efficiency, and the authority of a vessel of war of the United States, not stationed on guard of a blockaded port, to seize a vessel violating such blockade, has been too frequently determined by this court, during the continuance of the present war, to require a repetition of that course of decisions, until the law is called in question by a judicature of higher authority. The inquiry, then, is only, whether the evidence establishes against the vessel and cargo the commission of the offence alleged. The master testifies, on his examination in preparatorio, that the vessel was captured on the morning of March 9, 1863, about 25 miles east of Frying Pan shoals on the coast of North Carolina, because she had been running the blockade; that she sailed from Liverpool to Nassau, and from Nassau, with an additional cargo, to Wilmington, which port she entered February 21; that she there discharged her cargo and took in a return cargo

[1] [Reported by Samuel Blatchford, Esq.]
[2] [Affirmed in 3 Wall. (70 U. S.) 564.]

for Nassau, and was captured on going out with that on board; that she brought out with her a Confederate pass, authorizing her to pass the ports; that many of the ship's papers, brought out of Wilmington, were burned on board of her; and that he knew of the war, and that Wilm'ngton was blockaded, when he entered and left that port. The mate and the supercargo do not contradict the evidence of the master, and concur with him in material points. The whole testimony shows conclusively that the vessel entered and departed from the port of Wilmington, knowing that it was in a state of blockade, and destroyed her papers while under chase by her captor. The case is clearly one which demands the condemnation of vessel and cargo, for a wilful violation of the blockade. Decree of forfeiture accordingly.

NOTE. An appeal was taken from this decree to the supreme court by the claimants. That court, at the December term, 1865, affirmed the decree of the district court. See [The Douro] 3 Wall. [70 U. S. 564].